Opinion issued October 20, 2005












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00493-CR




MARK ANDREW JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 930725




MEMORANDUM OPINION
          Appellant, Mark Andrew Johnson, pleaded not guilty to the state-jail felony of
possession of less than one gram of cocaine. A jury convicted appellant, and the trial
court assessed his punishment at two years’ confinement, probated for four years. See
Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). In two issues,
appellant contends that the pat-down search of his person by police officers violated
his constitutional rights under the Fourth Amendment of the United States
Constitution, and that the trial court abused its discretion by allowing improper cross-examination of appellant. We affirm.
Background
          On November 17, 2002, around 5:30 p.m., while Houston Police Department
Officers Nora and DeJesus were on routine patrol in a high-crime area in the city of
Houston, they stopped appellant’s car, using their lights and siren, because the patrol-car computer showed that appellant’s license plate had an open warrant linked to the
car. Appellant got out of his car and walked toward the officers, causing the officers
to feel threatened. The officers explained that it is unusual for a person to get out of
the car during a traffic stop, and that when a person gets out of the car immediately,
the officers suspect that the person may want to “fight” or “harm” them. Appellant
was instructed to return to his car, and he complied.
          Appellant gave his driver’s license to the officers, and the officers returned to
their patrol-car computer to check for any outstanding warrants linked to appellant’s
driver’s license. Officer De Jesus learned from the patrol-car computer that appellant
had three “verified city warrants” and one “unverified Precinct 5 warrant” linked to
appellant’s driver’s license, in addition to the warrant associated with appellant’s
license plate. 
          While Officer De Jesus operated the patrol-car computer, Officer Nora
observed appellant in his car “moving around a lot,” “bending at the waist and
turning,” and “moving his hands as if he was maybe going to hide something or
retrieve an object.” After Officer Nora told Officer De Jesus that she was concerned
about appellant’s actions, Officer De Jesus noticed appellant reaching to the back seat
in an attempt to retrieve something. Believing that appellant’s conduct was “a little
suspicious” and unaware whether appellant had any weapons in his car, the officers
agreed that they needed to secure appellant.
          Appellant was instructed to get out of his car and to place his hands behind his
back. Rather than comply, appellant put up a “brief struggle” by pulling his hand
away when Officer Nora tried to grab it and by turning his body towards her. When
Officer Nora told appellant not to resist, he complied and was handcuffed without
further interference. From appellant’s behavior, officer Nora formed the belief that
appellant was acting suspicious and possibly wanted to harm the officers. 
          After appellant was handcuffed, Officer Nora conducted a search of appellant
for weapons by patting the outside of appellant’s pants.


 Officer Nora felt a “long
hard object” inside appellant’s pants pocket that “could be a weapon” and “possibly
could be a knife.” Officer Nora removed the object and observed that it was a glass
pipe with a “hazy film to it,” with one end burned and the other end cracked off. 
Officer Nora concluded, based on her training and experience, that the object was a
crack pipe, and the laboratory tests later confirmed that it tested positive for cocaine.
          At trial, appellant’s defensive theory was that appellant knowingly possessed
the pipe but that he did not intentionally or knowingly possess the cocaine that was
inside the pipe. Appellant testified at his trial that he allowed his friend Enrique
Chavez to stay at his home for a few days, because Enrique was homeless and
appeared to be sick, and appellant allowed Enrique to drive his cars. Appellant said
that on the night he was stopped, he did not get out of his car to approach the officers
when they initially stopped him, as the officers claimed. Appellant acknowledged
physically moving his body while inside the car, explaining that he was searching for
his teacher identification card, hoping that the officers would not arrest him for the
outstanding warrants if he could show them that he was a teacher. During the search
for the identification card, appellant noticed the crack pipe, which he referred to as
“drug paraphernalia,” near the back passenger side of the car. Appellant states that
he took possession of the object and placed it into his pants pocket. Appellant denied
knowledge that the pipe contained cocaine. Although appellant acknowledged that
the pipe was inside his pants pocket, he stated that it was Officer De Jesus, rather than
Officer Nora, who recovered the pipe from his pocket. Appellant also presented a
laboratory report that indicated that he did not have cocaine in his blood and urine
when they were tested two days after appellant’s arrest. Two character witnesses
testified that appellant did not have a reputation for using cocaine and they did not
know him to use cocaine.
Illegal Search and Seizure
          Appellant contends that the police officers lacked probable cause to conduct
their search, thus violating appellant’s Fourth Amendment right to freedom from
unreasonable searches and seizures. 
          We employ a bifurcated standard of review to a trial court’s ruling on a motion
to suppress evidence. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000). Under this standard, we review the trial court’s application of the law of
search and seizure de novo while giving almost total deference to the trial court’s
determination of historical facts. Id. When the trial court does not make findings of
fact and conclusions of law, as here, we view the facts in a light most favorable to the
trial court’s ruling on the motion to suppress evidence. Id. at 327–28.
          The Fourth Amendment is not violated by a search conducted in an attempt to
discover weapons that might be used to assault a police officer when that search is
carefully limited to the outer clothing of a person, under circumstances showing that
the police officer has observed unusual conduct that reasonably leads him to
conclude, in light of his experience, that criminal activity may be afoot, and that the
person with whom he is dealing may be armed and presently dangerous. Terry v.
Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968). 
          Viewing the facts in the light most favorable to the trial court’s ruling on the
motion to suppress, the record shows that appellant was in a neighborhood known for
crime and drugs; appellant’s car’s license plate had open warrants; appellant’s
driver’s license showed that he had open warrants for his arrest; the officers were
alarmed and threatened by appellant’s suspicious conduct in walking toward them
when they stopped his car; the officers were suspicious of appellant’s physical
movements within his car that made it appear that he was hiding something or
attempting to retrieve something that could possibly be a weapon; and appellant
resisted being handcuffed, requiring that the officers use some force to restrain him. 
Under the totality of these circumstances, the officers’ belief that appellant might
have been armed and dangerous was reasonable, and the search of appellant’s
clothing for a weapon was therefore not a violation of appellant’s Fourth Amendment
rights. See Terry, 392 U.S. at 22, 88 S. Ct. at 1880. 
          Appellant further asserts the search violated the “plain feel” doctrine, because
the officer could not identify immediately the object in appellant’s pocket as a
weapon and, therefore, was not justified in removing it. When an officer, in
compliance with Terry, is able to ascertain the nature of an object through the sense
of touch with sufficient reliability to support a seizure, the seizure is reasonable and
does not violate the Fourth Amendment. Minn. v. Dickerson, 508 U.S. 366, 376, 113
S. Ct. 2130, 2137 (1993). In Minnesota v. Dickerson, the Supreme Court extended
the plain view doctrine to include contraband discovered by an officer’s plain feel.
508 U.S. at 375, 113 S. Ct. at 2136–37. The plain view doctrine permits the
warrantless seizure by police of contraband “if police are lawfully in a position from
which they view [or feel] an object, if its incriminating character is immediately
apparent, and if the officers have a lawful right of access to the object.” Id. This
standard encompasses the Fourth Amendment’s requirement that the officer have
probable cause to believe that the item is contraband before seizing it. Dickerson,
508 U.S. at 376, 113 S. Ct. at 2137.
          Viewing the facts in the light most favorable to the trial court’s suppression
ruling, the record shows that Officer Nora felt a long, hard object that could be a knife
and therefore could be used as a weapon. Because sense of touch is capable of
revealing the nature of an object with sufficient reliability to support a seizure, the
officer was justified in seizing the pipe, even though incorrect in the belief that the
item was a weapon. Id. These circumstances are unlike those in Dickerson, a case
which appellant contends is dispostive of the issue here. In Dickerson, the officer felt
a lump of crack cocaine during a search of Dickerson’s clothing, and while knowing
it was not a weapon, he manipulated the object, felt it, and removed it, thus violating
Terry. 508 U.S. at 377–78, 113 S. Ct. at 2138. In contrast to Dickerson, the officer
here testified that she believed that the object could be a weapon. See id. 
           Under the circumstances presented here, therefore, which include that the
police officer was lawfully in a position to conduct the search of appellant’s outer
clothing as discussed above, and that the incriminating character of the object was
immediately apparent, the seizure of the pipe was reasonable under the Fourth
Amendment. 
          We overrule appellant’s first issue.
Admissibility of Evidence
          In his second issue, appellant contends that the trial court abused its discretion
and violated rules 401 and 403 of the Rules of Evidence during the guilt-innocence
phase of trial by allowing the prosecutor to ask appellant questions concerning the
message sent to students when a teacher is driving around with a crack pipe in his or
her car, pocket or person.
          We review a trial court’s decision to admit evidence over objection under an
abuse-of-discretion standard and will not reverse that decision without a clear abuse
of discretion. Apolinar v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). 
Appellate courts should be reluctant to reverse trial court decisions to admit or
exclude evidence. Montgomery v. State, 810 S.W.2d 372, 378 (Tex. Crim. App.
1990). Under Rule 401, evidence that is relevant is admissible at trial. Relevant
evidence is “any evidence having any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable
than it would be without the evidence.” Tex. R. Evid. 401. Evidence that tends to
affect the probability of the truth or falsity of a fact in issue is logically relevant. 
Montgomery, 810 S.W.2d at 376. The evidence need not by itself prove or disprove
a particular fact to be relevant; it is sufficient if the evidence provides a small nudge
toward proving or disproving some fact or consequence. Id. In deciding whether a
particular piece of evidence is relevant, a trial court judge should ask “would a
reasonable person, with some experience in the real world believe that the particular
piece of evidence is helpful in determining the truth or falsity of any fact that is of
consequence to the lawsuit.” Id. If the trial court believes that a reasonable juror
would conclude that the proffered evidence alters the probabilities involved to any
degree, relevancy is present. Id. Further, “a defendant may be contradicted,
impeached, discredited, attacked, sustained, bolstered, made to give evidence against
himself, cross-examined as to new matters, and treated in every respect as any other
witness.” Feldman v. State, 71 S.W.3d 738, 755 (Tex. Crim. App. 2002). Finally, an
appellant who “opens the door” to otherwise inadmissible evidence risks having that
evidence admitted and used against him. Id. at 755–56.
          Appellant complains about the State’s cross-examination questions of
appellant, as follows:
          Prosecutor:            Mr. Johnson, what kind of a message do you think it sends
to students to have a teacher driving around with a crack
pipe in their car?
 
          Defense Attorney: Objection as to the relevance.
 
          Court:                    That is overruled.
 
                                                   *        *        *
          Appellant:              Well, if someone was driving around with a crack pipe in
their car knowingly, then it would send an incorrect
message.
 
          Prosecutor:            What kind of message do you think that it sends to students
when a teacher has a crack pipe in their pocket and on their
person?

          Defense Attorney: The same objection.
 
          Court:                    That is overruled. You all have already talked about this
for two days about the effect [sic] that it’s going to have on
him and his career.
 
                                                   *        *        *
          Appellant:              It’s an incorrect message to send to young people or an
incorrect message to send to any person, young or old.

          The record shows that appellant asserted at several points during trial that he
was a teacher, a mentor to others, and that this type of charge would have a negative
impact on his career. Appellant wanted to create the image that he was a good person
who would not purposely have jeopardized his job by possessing crack cocaine. The
State’s questions sought to rebut this image by establishing that appellant knew his
actions risked jeopardizing his job. The questions and appellant’s answers provided
at least some relevancy toward proving appellant’s knowledge, and we conclude that
a reasonable person would find these inquiries helpful in determining how appellant
viewed his situation and its possible consequences. Moreover, appellant opened the
door to the prosecutor’s inquiry through testimony that appellant was a teacher and
a positive role model for others. The State was properly permitted to rebut this image
by establishing that appellant could not be a positive role model when he possessed
crack cocaine. Therefore, the statements were admissible under rule 401.
          Appellant counters that even if these statements were admissible under rule
401, the trial court should have excluded them pursuant to rule 403. To complain on
appeal, however, appellant must have made the complaint to the trial court by a
timely objection stating the grounds for the ruling sought with sufficient specificity
to make the trial court aware of the complaint. See Tex. R. App. P. 33.1; Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). An objection stating one legal
theory may not be used to support a different legal theory on appeal. Broxton, 909
S.W.2d at 918. Appellant made no rule 403 objection at trial to the statements and
objected only to their relevance under rule 401. Therefore, appellant has waived any
complaint that the statements were inadmissible under Rule 403.
          We overrule appellant’s second issue.
 

Conclusion
          We affirm the judgment of the trial court. 


                                                   Elsa Alcala 
                                                   Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).